NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 3 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TYLER GRENIER, Individually; JENNA GRENIER, Individually and on behalf of J.A.G., a minor,<br><br>        Plaintiffs - Appellants,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant - Appellee. | No. 25-5156<br><br>D.C. No.<br>1:22-cv-00396-LEK-KJM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted June 24, 2026
Honolulu, Hawaii

Before: N.R. SMITH, MILLER, and JOHNSTONE, Circuit Judges.

Plaintiffs Tyler and Jenna Grenier filed this action against the United States under the Federal Tort Claims Act (FTCA), alleging several claims relating to the birth of their son, J.A.G., at Tripler Army Medical Center (Tripler).[1] After a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] Tyler Grenier filed suit as an individual. Jenna Grenier filed suit individually and on behalf of J.A.G.

seven-day bench trial, the district court held for the government on all claims. Plaintiffs appeal from the district court's judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not abuse its discretion in excluding Plaintiffs' proposed rebuttal expert, Dr. Ofer Levy. *See Engilis v. Monsanto Co.*, 151 F.4th 1040, 1046 (9th Cir. 2025). Dr. Ofer Levy's proposed testimony about the cause of J.A.G.'s E. coli infection was duplicative of testimony provided by Plaintiffs' other experts. Therefore, the district court did not err in concluding that Dr. Ofer Levy was an improper rebuttal witness and should have been disclosed by the initial expert deadline. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii) (authorizing disclosure of a rebuttal expert "if the evidence is intended *solely* to contradict or rebut evidence" (emphasis added)).

Nor did the district court err by failing to apply the Rule 37(c)(1) framework of *R & R Sails, Inc. v. Insurance Co. of Pennsylvania*. 673 F.3d 1240, 1247 (9th Cir. 2012) (holding that if a Rule 37(c)(1) sanction "amount[s] to dismissal of a claim," the court must consider: (1) whether the untimely disclosure involved "willfulness, fault, or bad faith"; and (2) the availability of lesser sanctions). Because Plaintiffs' other experts presented the same theory of causation, the exclusion of Dr. Ofer Levy did not "amount to dismissal of [their] claim[s]," so the *R & R Sails* framework does not apply. *Id.*

25-5156

2. The district court erred in allowing the Tripler providers to offer undisclosed expert testimony based on its erroneous conclusion that parties "never have to identify treating physicians as expert witnesses." *See* Fed. R. Civ. P. 26(a)(2)(A), (C). Treating physicians who opine beyond their percipient observations must be identified under Rule 26(a)(2)(A) and are subject to Rule 26(a)(2)(C)'s summary-disclosure requirement, and the district court neither required compliance nor made the findings Rule 37(c)(1) contemplates before admitting the testimony. *See Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 739–40 (9th Cir. 2021) (explaining that a treating physician need not submit an expert report but must nevertheless be disclosed in accordance with Rule 26(a)(2)(C) and that Rule 37(c)(1)'s sanction for violation is "automatic" unless the failure was substantially justified or harmless); Fed. R. Evid. 701 (providing that lay witnesses may provide opinion testimony that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge"); *see also* Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment.

But those errors do not warrant reversal of this bench-trial judgment. *See Chaudhry v. Aragón*, 68 F.4th 1161, 1171 (9th Cir. 2023); *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1023 (9th Cir. 2022) (providing that court will reverse

an evidentiary ruling only if it is both erroneous and prejudicial); Fed. R. Civ. P. 61; 28 U.S.C. § 2111. In reaching its decision that Tripler did not breach the standard of care, the district court relied on retained expert testimony. Where the district court cited treating provider testimony, it also supported its holdings by citing other evidence. Because it is more probable than not that the district court would have reached the same decision on this dispositive element even without the Tripler providers' improper testimony on the standard of care, we affirm. *See In re First All. Mortg. Co.*, 471 F.3d 977, 999–1000 (9th Cir. 2006) (affirming ruling allowing testimony where any failure to disclose witnesses was harmless).

3. The district court's factual findings were not clearly erroneous. *See Yu v. Idaho State Univ.*, 15 F.4th 1236, 1241 (9th Cir. 2021); Fed. R. Civ. P. 52(a)(6). Plaintiffs raise several challenges to the district court's factual findings, none of which constitute clear error.

a. First, Plaintiffs argue that the district court ignored Dr. Adam Levy's testimony about J.A.G.'s accelerated growth. While Dr. Adam Levy opined that the Tripler providers should have known about J.A.G.'s likely macrosomia, the record included contrary testimony from other witnesses explaining that J.A.G.'s growth rate did not indicate that he would be born weighing 4,500 grams or more. That the district court ultimately found the government's experts more persuasive does not constitute clear error. *See Montana v. Talen Montana, LLC*, 130 F.4th

675, 686 (9th Cir. 2025) ("We 'must be especially reluctant to set aside a finding based on the trial judge's evaluation of conflicting lay or expert oral testimony.'" (quoting *Beech Aircraft Corp. v. United States*, 51 F.3d 834, 838 (9th Cir. 1995))).

b. Second, Plaintiffs contend that the district court credited Dr. Mada without addressing inconsistencies in her testimony about whether she counseled Mrs. Grenier on her delivery options. Even though the district court's decision did not explicitly reject or accept certain parts of Dr. Mada's testimony, it was "explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision." *Stillaguamish Tribe of Indians v. Washington*, 102 F.4th 955, 961 (9th Cir. 2024) (per curiam) (quoting *Alpha Distrib. Co. of Cal. v. Jack Daniel Distillery*, 454 F.2d 442, 453 (9th Cir. 1972)). From the decision, it is clear that the district court credited Dr. Mada's testimony about discussing Mrs. Grenier's delivery options and rejected contrary testimony that Tripler providers had failed to properly counsel Mrs. Grenier. Such a finding was not "illogical, implausible, or without support in inferences from the record." *Yu*, 15 F.4th at 1241–42 (quoting *Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 613 (9th Cir. 2020)).

c. Third, Plaintiffs argue that the district court never determined whether Mrs. Grenier requested a c-section. However, the district court *did* find that Plaintiffs inquired about and requested a c-section.

25-5156

d. Fourth, Plaintiffs argue that the court failed to make clear findings about whether J.A.G.'s fetal position was +1 or +2 prior to the forceps use. However, the government's expert testified that "whether the delivery was accomplished from +1 or +2 station does not actually matter as it was clearly an easy and straightforward forceps delivery." In addition, the district court's decision did not hinge on J.A.G.'s precise fetal station. Rather, the district court focused on the stage of labor and other contextual factors in determining that Tripler had not breached the standard of care. That finding was supported by evidence in the record and was not clearly erroneous.

e. Fifth, Plaintiffs argue that the district court did not make clear findings about whether the use of forceps caused skin breakage that allowed for transmission of E. coli to J.A.G. On the contrary, the district court explained that E. coli transfer "can occur at any time, through various means," that "[i]nfection through skin injury is very unusual, especially . . . during a baby's first three days of life," and that there was "insufficient evidence that the forceps delivery . . . [was] a substantial factor in causing the *E. coli* infection." Those findings were supported by testimony from the government's experts and were not clearly erroneous.

4. The district court did not abuse its discretion by limiting Plaintiffs' cross examination of the government's witnesses. *See Dorn v. Burlington N. Santa Fe*

6

*R.R. Co.*, 397 F.3d 1183, 1192 (9th Cir. 2005). The questioning at issue did not address the qualifications of the witnesses or the methods used, and Plaintiffs have not cited any authority suggesting that the district court abused its discretion. The court was permitted to comment on the evidence and the credibility of the witnesses, especially in a bench trial where the judge herself was the fact finder. *Cf. Navellier v. Sletten*, 262 F.3d 923, 942–43 (9th Cir. 2001) (holding no abuse of discretion where court commented that witness testimony "could be perjurious" and provided curative jury instructions).

**AFFIRMED.**